Filed 7/30/13  P. v. Pettway CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C071467 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F04570) |
| v. | |
| DELAUN PETTWAY, | |
| Defendant and Appellant. | |

A jury found defendant DeLaun Pettway guilty of robbery.  At trial defendant admitted committing the robbery but testified he did so under threat of violence.  He appeals his conviction on the basis that the trial court erroneously failed to instruct the jury on the defense of necessity.  Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

At approximately 9:00 a.m. on June 20, 2011, defendant robbed a convenience store.  He was arrested several days later and confessed.

At his trial for robbery, defendant testified to being an 18-year-old high school dropout who spent much of his time at the residence of Radarryl Carr.  Carr had a violent

1

history and often encouraged others to commit crimes through threats of violence. While there, defendant was frequently exposed to criminal activity, including drug use, guns, and violent behavior.

On the morning of June 20, Carr woke defendant at 6:00 a.m. and ordered him to commit the robbery. When defendant objected, Carr placed his hand on a gun and stated refusal would have "consequences." Taking the threat as one against his life or the life of one of his family members, defendant robbed the store three hours later without Carr (but with another individual). At trial, the court instructed the jury on the defense of duress. Defendant did not request, and the trial court did not give, an instruction on the defense of necessity, and a jury found defendant guilty of the robbery as well as other crimes. The trial court sentenced him to 12 years in prison.

## DISCUSSION

Defendant contends the trial court violated his "state and federal constitutional rights to due process by failing to instruct [sua sponte] on the defense of necessity." We disagree.

The trial court must instruct sua sponte on a specific defense " ' "if it appears that the defendant is relying on such a defense, or if there is substantial evidence supportive of such a defense *and* the defense is not inconsistent with the defendant's theory of the case." ' " (*People v. Gonzalez* (1999) 74 Cal.App.4th 382, 389.) We review appeals based on absent instructions de novo. (*People v. Martin* (2000) 78 Cal.App.4th 1107, 1111.)

"To justify an instruction on the defense of necessity, there must be evidence sufficient to establish that defendant violated the law (1) to prevent a significant evil, (2) with no adequate alternative, (3) without creating a greater danger than the one avoided, (4) with a good faith belief in the necessity, (5) with such belief being objectively reasonable, and (6) under circumstances in which he did not substantially contribute to the emergency." (*People v. Pepper* (1996) 41 Cal.App.4th 1029, 1035.)

2

Defendant argues that his testimony at trial sufficiently supported a defense of necessity such that the trial court was obligated to give a necessity instruction to the jury sua sponte. In regard to the no adequate alternative element of the defense, he recognizes that a crime might be defensible on the ground of necessity " 'if it is justified by a need to avoid an imminent peril and there is no time to resort to the legal authorities or such resort would be futile.' " (*People v. Verlinde* (2002) 100 Cal.App.4th 1146, 1164.) Although he concedes the three-hour window between Carr's threat and the commission of the crime was enough time for defendant to contact authorities, defendant nonetheless asserts that contacting the authorities was out of the question for other reasons.

Defendant contends that "even when there is an opportunity to contact police after a threat of future harm is made, this opportunity is not fatal to the defense of necessity" if "the relevant circumstances in which defendant found [him]self" lower the bar sufficiently enough. (*People v. Humphrey* (1996) 13 Cal.4th 1073, 1083.) That is, according to defendant, "the jury could easily find that an objectively reasonable 18[-]year-old boy, without a high school education and surrounded by a criminal element, with a sensitivity towards gun violence, and numerous family members living in the same neighborhood as a gun-toting criminal with a history of violence who had threatened to hurt him, would not believe that contacting police was a legal alternative which was completely adequate." We disagree.

Defendant argues the standard for assessing adequacy of legal alternatives is totality of the circumstances. He offers no authority for this proposition, but does point out that *People v. Humphrey, supra,* 13 Cal.4th 1073 applies the totality of the circumstances standard to self-defense cases.[1] That case is inapposite because self-

---

[1] The court in *Humphrey* explained, "[a]lthough the belief in the need to defend must be objectively reasonable, a jury must consider what 'would appear to be necessary to a reasonable person in a similar situation and with similar knowledge . . . .' [Citation.]

defense and necessity are not the same. The standards applicable to one are not necessarily applicable to the other, and defendant provides no authority on this point either.

Defendant further argues that "if the opportunity to call police always defeated the defense of necessity, it is difficult to fathom any case which would require instruction on this defense. After all, a threat of future harm necessarily requires the passage of time between the threat and the threatened harm; police could always be contacted or warnings to the victims otherwise be given." This statement, while internally consistent, is nonetheless incorrect. The opportunity to call police does not *always* defeat necessity. (See *People v. Verlinde*, *supra*, 100 Cal.App.4th at p. 1164.) If defendant had presented evidence that resort to the legal authorities would have been futile, then he might have been entitled to a necessity instruction. He presented no such evidence, however.

Importantly, the necessity defense applies narrowly. (*People v. Verlinde*, *supra*, 100 Cal.App.4th at p. 1164) Accepting defendant's argument would essentially grant defendant immunity from prosecution for any crime he claimed someone else made him do now or in the future. We can find no basis in precedent or policy to broaden the necessity defense to such a degree.

Because defendant did not present sufficient evidence to support a necessity defense as a matter of law, no instruction was required. (*People v. Pepper*, *supra*, 41 Cal.App.4th at p. 1036.)

---

It judges reasonableness 'from the point of view of a reasonable person in the position of defendant . . . .' [Citation.] To do this, it must consider all the ' " 'facts and circumstances . . . in determining whether the defendant acted in a manner in which *a reasonable man* would act in protecting his own life or bodily safety.' " ' " (*People v. Humphrey*, *supra*, 13 Cal.4th at pp. 1082-1083.)

DISPOSITION

The judgment is affirmed.

                                        ROBIE     , J.

We concur:

       NICHOLSON   , Acting P. J.

       MAURO     , J.