Filed 4/10/14  P. v. Lee CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

RANDOLPH LEE,

    Defendant and Appellant.

E057187

(Super.Ct.No. FVA800151)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  Affirmed.

Christine Vento, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel, and Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

I

INTRODUCTION

Defendant Randolph Lee appeals from judgment entered following a jury

conviction for second degree commercial robbery (Pen. Code, § 211;[1] count 1). In a

bifurcated court trial, the court found true allegations that defendant had six prior

convictions, in which all six qualified as prison priors (§ 667.5, subd. (b)); five qualified

as five-year enhancement priors (§ 667, subd. (a)(1)); and three qualified as strike

offenses (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)). The trial court sentenced

defendant to 25 years to life in prison, plus a determinate term of 17 years.

Defendant contends the trial court committed prejudicial error and violated his

constitutional rights by instructing the jury on burglary when defendant was not charged

with the crime. We agree the instruction was erroneous. However, we find the error

harmless.

The People assert that the trial court erred in failing to impose a five-year sentence

on one of defendant's four prior convictions. The record shows that the trial court

corrected this initial sentencing error. We therefore affirm the judgment.

II

FACTS AND PROCEDURAL BACKGROUND

On January 17, 2008, at 1:00 a.m., defendant approached the counter at an

AM/PM store in Rialto, leaned on the counter with his hands in his sweater pockets, and

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

2

twice told the cashier, Edy Policarpio, to open the register. At the time, Policarpio was looking down, counting the money next to the register. Policarpio looked up and saw defendant and tried to open the register but she could not get it to open. As defendant came around the counter, Policarpio went to the kitchen in the back of the store. While in the back hallway of the store, Policarpio called 911 and reported the robbery. The AM/PM store had a surveillance camera system that recorded defendant's presence in the store.

While in the back hallway, Policarpio saw defendant break the register by beating it with his fists because he could not open it. Defendant then picked up the register and carried it out the front door of the AM/PM store. As defendant was leaving, Policarpio saw a police car arrive in front.

Police Officer Mike Morales testified that, while he was parked in front of the AM/PM market around 1:00 a.m., on January 17, 2008, he saw defendant running out of the AM/PM store, carrying a cash register. Policarpio followed him out and yelled that defendant had just robbed her. Morales pursued defendant. Eventually, with the help of other officers, Morales apprehended defendant near the AM/PM store. Morales found the register behind some bushes, in a dirt walkway area, which was between the store and a brick wall. About 10 or 15 minutes after the incident, Policarpio identified defendant as the perpetrator in an infield showup.

3

III

INSTRUCTION ON BURGLARY

Defendant contends the trial court committed reversible error by instructing the jury on burglary when defendant was not charged with the crime.

Defendant was initially charged with burglary and robbery, but there was a mistrial after defendant was acquitted in his first trial of burglary and the jury was deadlocked on the robbery charge. The robbery charge was retried. During the second trial, the trial court mistakenly instructed the jury on the crime of burglary, even though defendant had been acquitted of burglary in the first trial.[2] Neither party objected to the

_____

[2] The trial court instructed the jury on burglary as follows:
"'The crimes charged in this case require proof of the union, or joint operation of act and wrongful intent.
"'For you to find a person guilty of Robbery as charged in Count 1, Petty Theft, a lesser included offense to Robbery as charged in Count 1 and *burglary as charged in Count 2*, that person must not only intentionally commit the prohibited act, but must do so with a specific intent or mental state. The act and the specific intent or mental state required are explained in the instructions for that crime.'" (CALCRIM No. 251; italics added.)
The court further instructed the jury:
"'The defendant is charged in Count 2 with burglary.
"'To prove that the defendant is guilty of this crime, the People must prove that:
"'1. The defendant entered a building; and
"'AND
"'2. When he entered a building, he intended to commit theft or robbery.
"'To decide whether the defendant intended to commit theft or robbery, please refer to the separate instructions that I have given you on those crimes.
"'A burglary was committed if the defendant entered with the intent to commit theft or robbery. The defendant does not need to have actually committed theft or robbery as long as he entered with the intent to do so. The People do not have to prove that the defendant actually committed theft or robbery.
"'Under the law of burglary, a person enters a building if some part of his or her body penetrates the area inside the building's outer boundary.

*[footnote continued on next page]*

4

burglary instructions.  The written instructions provided to the jury did not include any of the erroneous instructions on burglary.  The written instructions provided to the jury only mentioned the crimes of robbery and petty theft as a lesser included offense of robbery.

*A.  Applicable Law*

"A trial court must instruct the jury 'on the law applicable to each particular case.' [Citations.]  '[E]ven in the absence of a request, the trial court must instruct on the general principles of law relevant to the issues raised by the evidence.'  [Citation.] Therefore, a claim that a court failed to properly instruct on the applicable principles of law is reviewed de novo.  [Citations.]  In conducting this review, we first ascertain the relevant law and then 'determine the meaning of the instructions in this regard.' [Citation.]

---

*[footnote continued from previous page]*

"'The People allege that the defendant intended to commit theft or robbery.  You may not find the defendant guilty of burglary unless you all agree that he intended to commit one of those crimes at the time of entry.  You do not all have to agree on which one of those crimes he intended.

"'Each of the counts charged in this case is a separate crime.  You must consider each count separately and return a separate verdict for each one except for Count 1C, which is for a lesser included offense and will be addressed in other instructions.

"'The defendant, RANDOLPH LEE, is charged in Count 1 of the First Amended Information with the offense of ROBBERY.'"

"'The defendant, RANDOLPH LEE, is charged in Count 2 of the First Amended Information with the offense of BURGLARY.'"  (CALCRIM No. 1700.)

The court also instructed the jury on the possible verdict forms for robbery (count 1) but then added the following burglary verdict forms for count 2, which did not exist:

"'2-A  [¶]  We, the jury in the above entitled action, find the defendant, RANDOLPH LEE, guilty of the crime of BURGLARY, in violation of Penal Code Section 459 as charged in Count 2; or

"'2-B  [¶] We, the jury in the above entitled action, find the defendant, RANDOLPH LEE, not guilty of the crime of BURGLARY as charged in Count 2.'"

5

"The proper test for judging the adequacy of instructions is to decide whether the trial court 'fully and fairly instructed on the applicable law . . . .' [Citation.] '"In determining whether error has been committed in giving or not giving jury instructions, we must consider the instructions as a whole . . . [and] assume that the jurors are intelligent persons and capable of understanding and correlating all jury instructions which are given. [Citation.]"' [Citation.] 'Instructions should be interpreted, if possible, so as to support the judgment rather than defeat it if they are reasonably susceptible to such interpretation.' [Citation.]" (*People v. Martin* (2000) 78 Cal.App.4th 1107, 1111-1112.)

*B. Analysis*

Defendant asserts that, because of "somnambulism" by the officers of the court, the jury erroneously orally instructed the jury that defendant was charged with a second count for burglary, when count 2 did not exist. The court further erroneously instructed on the elements of burglary and the possible verdicts for count 2. The People agree the trial court erred in orally instructing the jury on burglary. The People, however, assert that such error does not constitute a violation of defendant's constitutional rights, requiring reversal of the judgment. Defendant argues that the instructional error resulted in lowering the prosecution's burden of proof and confusing the jury by orally instructing the jury it could convict defendant of burglary. This, defendant claims, violated his rights to a fair trial and due process.

We conclude defendant's constitutional rights were not violated. While there appears to be some truth to the accusation of inattentiveness, we cannot say, when

considering the record as a whole (*People v. Cain* (1995) 10 Cal.4th 1, 36-37), that there was a reasonable likelihood the oral burglary instructions resulted in defendant not receiving a fair trial or that the outcome would likely have been different, had the erroneous oral instructions not been given. There was overwhelming evidence that defendant committed robbery. The evidence included the surveillance tape showing defendant committing the crime, the store clerk's testimony describing defendant's conduct of walking up to her and demanding she hand over the money from the cash register, and using fear to take the property or to prevent the store clerk from resisting. Policarpio testified defendant put his hands in his sweater pockets, giving the appearance he had a weapon when he demanded the money. Policarpio said she was frightened and left the area and called the police as soon as defendant became preoccupied with trying to open the register by beating it. There was also unrefuted evidence defendant carried the register out of the store. This was confirmed by Morales, who saw defendant running out of the AM/PM store, carrying a cash register. In addition, both Morales and Policarpio identified defendant at trial and Policarpio identified him right after the robbery.

We cannot say that the erroneous oral instructions on burglary contributed in any way to the jury entering a guilty verdict against defendant for robbery, particularly when the jury was provided correct written jury instructions which would have clarified that defendant was charged only with robbery, and findings as to burglary were not required. It simply is not reasonably likely that the jury misapplied the erroneous oral burglary instructions or that the surplus oral instructions made any difference in the jury's verdict on the single charged count, count 1 for robbery.

7

In addition, closing argument by counsel for both parties, along with the proper written instructions, conveyed to the jury that the oral burglary instructions were mere surplusage. The trial court gave CALCRIM No. 200, instructing the jury that "Some of these instructions may not apply, depending on your findings about the facts of the case. Do not assume just because I give a particular instruction that I am suggesting anything about the facts. After you have decided what the facts are, follow the instructions that do apply to the facts as you find them."

Because jurors are presumed to understand and follow the court's instructions (*People v. Sanchez* (2001) 26 Cal.4th 834, 852), it is reasonably likely that the jury disregarded the oral burglary instructions and focused on determining whether defendant was guilty of robbery, as instructed in the written instructions and during closing argument. Furthermore, where there is a discrepancy between the oral instructions and written instructions given to the jury during deliberations, we presume the jury followed the written instructions (*People v. Rodriguez* (2000) 77 Cal.App.4th 1101, 1112-1113), particularly since neither the prosecution and defense's closing arguments made right after the court instructed the jury made any mention of burglary.

Both counsel correctly explained the relevant law during closing argument. It was therefore not reasonably likely the jury misunderstood the applicable law and was mislead by the superfluous burglary instructions. (See *People v. Kelly* (1992) 1 Cal.4th 495, 526 [closing arguments correctly explaining relevant law considered in concluding erroneous jury instruction constituted harmless error]; *People v. Cain, supra,* 10 Cal.4th at p. 36.) During closing argument, the prosecutor discussed the evidence as to each

8

element of robbery and urged the jury to find defendant guilty of robbery. Defense counsel also made no mention of burglary and explained how the evidence did not establish the elements of robbery. Defense counsel argued the prosecution had not established that defendant was the perpetrator of the charged crime, and concluded Morales arrested the wrong person. By convicting defendant of robbery, the jury rejected the defense that defendant was not the perpetrator. It therefore is highly likely the verdict would have been the same, even in the absence of the erroneous instruction on burglary.

The erroneous oral burglary instructions "did not implicate the United States Constitution. [Citation.] In most cases an error of this sort is harmless." (*People v. Prettyman* (1996) 14 Cal.4th 248, 280.) So was it here. The burglary instructions, which were correct in law but irrelevant, likely "must have been understood, and dismissed, by the jury as mere surplusage. [Citation.] It cannot be held to have resulted in a 'miscarriage of justice.' (Cal. Const., art. VI, § 13.) It was too insignificant to have affected the outcome within a 'reasonable probabilit[y],' as required by *People v. Watson* (1956) 46 Cal.2d 818, 837." (*Ibid.*) Also, applying the *Chapman*[3] harmless error analysis, the instructional error cannot be said to have "'had substantial and injurious effect or influence in determining the jury's verdict.'" (*Hedgpeth v. Pulido* (2008) 555 U.S. 57, 58, quoting *Brecht v. Abrahamson* (1993) 507 U.S. 619, 623.)

---

[3] *Chapman v. California* (1967) 386 U.S. 18, 24.

9

Since it is reasonably likely the jury overlooked the oral burglary instructions as mere surplusage, we conclude the erroneous inclusion of the oral burglary instructions was harmless error.

IV

SENTENCING

The People argue that the trial court failed to impose a five-year sentence on one of defendant's four prior conviction enhancements. Defendant had six prior convictions, four of which qualified as five-year enhancement priors under section 667, subdivision (a)(1). The four qualifying prior convictions included a 1982 conviction for robbery; 1986 conviction for assault with a deadly weapon; 1993 conviction for attempted robbery; and 1996 conviction for robbery.

Initially, the trial court erroneously imposed only three five-year enhancements, totaling 15 years for defendant's five-year priors. However, at a subsequent hearing, the trial court realized the sentencing error in failing to impose all four mandatory five-year enhancements and corrected the error by imposing an additional five-year prior conviction enhancement. The abstract of judgment and minute orders reflect the correct sentence, in which the trial court imposed four five-year enhancements for four prior convictions under section 667, subdivision (a)(1). There is therefore no need to correct the sentence or abstract of judgment, since the trial court has already done so.

10

V

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

11