[No. F029478. Fifth Dist. Mar. 3, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
KAREN MARTIN, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the Procedural History, Factual History, and parts I, III, IV and V.

### COUNSEL

Janet J. Gray, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Margaret Venturi and Susan J. Orton, Deputy Attorneys General, for Plaintiff and Respondent.

### OPINION

**WISEMAN, J.**—The defendant in this case was involved in three vehicular accidents, two of which resulted in bodily injuries to others, in the span of less than one hour. In the third accident, she killed a four-year-old child strapped in a child safety seat in the backseat of his mother's vehicle. Defendant's blood-alcohol level was .27 percent. She was convicted of second degree murder, gross vehicular manslaughter while intoxicated, and other related charges.

On appeal, defendant challenges the constitutionality of Penal Code section 22[1] and argues the jury was improperly instructed with CALJIC No. 4.20, rather than CALJIC No. 4.21, relating to the relevancy of evidence of voluntary intoxication. We find section 22 constitutional and affirm the second degree murder conviction.

### PROCEDURAL HISTORY*

. . . . . . . . . . . . . . . . . . . . . . . . . .

### FACTUAL HISTORY*

. . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1]All statutory references are to the Penal Code unless otherwise indicated.
*See footnote, *ante*, page 1107.

## Discussion

### I. *Restriction on expert testimony\**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

### II. *Instructional error*

 Defendant contends the court committed reversible error in instructing the jury with CALJIC No. 4.20 regarding the effect of voluntary intoxication on the element of knowledge. Defendant argues the jury should have been instructed with CALJIC No. 4.21. We find no instructional error.[3]

#### A. *Standard of review*

 A trial court must instruct the jury "on the law applicable to each particular case." (*People v. Wickersham* (1982) 32 Cal.3d 307, 323 [185 Cal.Rptr. 436, 650 P.2d 311], disapproved on other grounds in *People v. Barton* (1995) 12 Cal.4th 186, 201 [47 Cal.Rptr.2d 569, 906 P.2d 531].) "[E]ven in the absence of a request, the trial court must instruct on the general principles of law relevant to the issues raised by the evidence." (*People v. St. Martin* (1970) 1 Cal.3d 524, 531 [83 Cal.Rptr. 166, 463 P.2d 390].) Therefore, a claim that a court failed to properly instruct on the applicable principles of law is reviewed de novo. (*People v. Berryman* (1993) 6 Cal.4th 1048, 1089 [25 Cal.Rptr.2d 867, 864 P.2d 40], overruled on other grounds in *People v. Hill* (1998) 17 Cal.4th 800, 823, fn. 1 [72 Cal.Rptr.2d 656, 952 P.2d 673].) In conducting this review, we first ascertain the relevant law and then "determine the meaning of the instructions in this regard." (*People v. Kelly* (1992) 1 Cal.4th 495, 525 [3 Cal.Rptr.2d 677, 822 P.2d 385].)

The proper test for judging the adequacy of instructions is to decide whether the trial court "fully and fairly instructed on the applicable law . . . ." (*People v. Partlow* (1978) 84 Cal.App.3d 540, 558 [148 Cal.Rptr. 744].) " 'In determining whether error has been committed in giving or not giving jury instructions, we must consider the instructions as a whole . . . [and] assume that the jurors are intelligent persons and capable of understanding and correlating all jury instructions which are given. [Citation.]' " (*People v. Yoder* (1979) 100 Cal.App.3d 333, 338 [161 Cal.Rptr. 35].)

---

\*See footnote, *ante*, page 1107.

[3]The People contend defendant failed to object to CALJIC No. 4.20 in the trial court and the issue is therefore waived on appeal. Assuming without deciding the issue has not been waived, we address the alleged instructional error on the merits.

"Instructions should be interpreted, if possible, so as to support the judgment rather than defeat it if they are reasonably susceptible to such interpretation." (*People v. Laskiewicz* (1986) 176 Cal.App.3d 1254, 1258 [222 Cal.Rptr. 686].)

B. *CALJIC Nos. 4.20 and 4.21*

The court instructed the jury with CALJIC No. 4.20:

"VOLUNTARY INTOXICATION—NOT A DEFENSE TO GENERAL INTENT CRIMES

"No act committed by a person while in a state of voluntary intoxication is less criminal by reason of that condition.

"In the crimes charged [in the Information] the fact the defendant was voluntarily intoxicated is not a defense and does not relieve [her] of responsibility for the crime."

Defendant contends the court should have instructed the jury with CALJIC No. 4.21, which provides, in relevant part:

"VOLUNTARY INTOXICATION—WHEN RELEVANT TO SPECIFIC INTENT

[¶] . . . [¶] If the evidence shows that the defendant was intoxicated at the time of the alleged crime, you should consider that fact in deciding whether defendant had the required [specific intent] [mental state].

"If from all the evidence you have a reasonable doubt whether the defendant formed that [specific intent] [mental state[s]], you must find that [he] [she] did not have that [specific intent] [mental state[s]]."

Both CALJIC Nos. 4.20 and 4.21 are based on section 22, which addresses the admissibility of evidence of voluntary intoxication and when such intoxication provides an excuse for criminal conduct. Defendant claims it was error for the court to instruct with CALJIC No. 4.20 because it prohibits the application of the defense of intoxication in a general intent crime. As a result, defendant maintains section 22 is unconstitutional, since it restricts the presentation of a defense that "negates an element of the charged crime," specifically, the "knowledge" element for implied malice. We begin by presenting an overview of section 22.

C. *Section 22*

Section 22 states the basic principle of law recognized in California that a criminal act is not rendered less criminal because it is committed by a person in a state of voluntary intoxication. Evidence of voluntary intoxication is not admissible to negate the capacity to form any mental states for the crimes charged. However, evidence of voluntary intoxication is admissible with respect to the actual formation of a required specific intent. (§ 22.)

In addressing defendant's claim, it is useful to examine the history of the latter amendments to section 22, as explained by the California Supreme Court in *People v. Mendoza* (1998) 18 Cal.4th 1114, 1124-1126 [77 Cal.Rptr.2d 428, 959 P.2d 735]:

"In 1982, the Legislature amended section 22 to provide, as relevant: '(a) No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition. Evidence of voluntary intoxication shall not be admitted to negate the capacity to form any mental states for the crimes charged, including, but not limited to, purpose, intent, knowledge, premeditation, deliberation or malice aforethought, with which the accused committed the act.

" '(b) Evidence of voluntary intoxication is admissible solely on the issue of whether or not the defendant actually formed a required specific intent, premeditated, deliberated, or harbored malice aforethought, when a specific intent crime is charged.' (Stats. 1982, ch. 893, § 2, pp. 3317-3318.) The Legislature stated that the 1982 amendment was 'declaratory of existing law.' (Stats. 1982, ch. 893, § 5, p. 3318.)

"Most recently, in 1995, effective January 1, 1996, the Legislature amended section 22 to provide, as relevant: '(a) No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his or her having been in that condition. Evidence of voluntary intoxication shall not be admitted to negate the capacity to form any mental states for the crimes charged, including, but not limited to, purpose, intent, knowledge, premeditation, deliberation, or malice aforethought, with which the accused committed the act.

" '(b) Evidence of voluntary intoxication is admissible solely on the issue of whether or not the defendant actually formed a required specific intent, or, when charged with murder, whether the defendant premeditated, deliberated, or harbored express malice aforethought.' (Stats. 1995, ch. 793, § 1; see *People v. Castillo* (1997) 16 Cal.4th 1009, 1014, fn. 1 [68 Cal.Rptr.2d 648, 945 P.2d 1197].) [¶] . . .

"In *Whitfield*, we concluded 'that section 22 was not intended, in murder prosecutions, to preclude consideration of evidence of voluntary intoxication on the issue whether a defendant harbored malice aforethought, whether the prosecution proceeds on a theory that malice was express or implied.' ([*People* v.] *Whitfield* [(1994)] 7 Cal.4th [437,] 451 [27 Cal.Rptr.2d 858, 868 P.2d 272].) Justice Mosk, joined by Chief Justice Lucas and, in a separate opinion, Justice Baxter, would have found voluntary intoxication not admissible to negate implied malice. (*Id.* at pp. 456-477 (conc. and dis. opn. of Mosk, J.); *id.* at p. 477 (conc. and dis. opn. of Baxter, J.).) The most recent amendment to section 22 came in apparent reaction to this holding. The Legislative Counsel's Digest to the bill amending section 22 stated: 'Under existing law, as held by the California Supreme Court in People v. Whitfield, 7 Cal.4th 437, the phrase "when a specific intent crime is charged" includes murder even where the prosecution relies on a theory of implied malice. [¶] This bill would provide, instead, that evidence of voluntary intoxication is admissible solely on the issue of whether or not the defendant actually formed a required specific intent, or, when charged with murder, whether the defendant premeditated, deliberated, or harbored express malice aforethought.' (Legis. Counsel's Dig., Sen. Bill No. 121 (1995-1996 Reg. Sess.).)" (18 Cal.4th at pp. 1124-1126.)

█ The issue in *Mendoza* was whether evidence of voluntary intoxication is admissible on whether a defendant tried as an aider and abettor had the required knowledge and intent. (*People v. Mendoza, supra*, 18 Cal.4th at pp. 1123, 1126.) The court concluded the intent requirement for aiding and abetting liability is a " 'required specific intent' " for which evidence of voluntary intoxication is admissible under section 22. (18 Cal.4th at p. 1131.) However, the court cautioned: "Our holding is very narrow. Defendants may present evidence of intoxication solely on the question whether they are liable for criminal acts as aiders and abettors. Once a jury finds a defendant did knowingly and intentionally aid and abet a criminal act, intoxication evidence is irrelevant to the *extent* of the criminal liability." (*Id.* at p. 1133; see also *Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689] ["Language used in any opinion is of course to be understood in the light of the facts and the issue then before the court, and an opinion is not authority for a proposition not therein considered."].)

█ It is clear that the effect of the 1995 amendment to section 22 was to preclude evidence of voluntary intoxication to negate implied malice aforethought. As explained in *People v. Reyes* (1997) 52 Cal.App.4th 975, 984, footnote 6 [61 Cal.Rptr.2d 39]: "As part of the 1995 amendment to

section 22, subdivision (b), evidence of voluntary intoxication is no longer admissible on the issue of implied malice aforethought . . . , thus superseding the holding of *People* v. *Whitfield*. However, the court's analysis remains germane to the admissibility of evidence of intoxication to refute the element of knowledge in other types of crimes, such as receiving stolen property."

### D. *Constitutionality of section 22*

Relying on the dissenting opinions in *Montana* v. *Egelhoff* (1996) 518 U.S. 37 [116 S.Ct. 2013, 135 L.Ed.2d 361], defendant argues that section 22 unconstitutionally removes a relevant category of evidence—the defendant's mental state—from the jury's consideration. Defendant maintains section 22 prevented her ability to attack an element of the offense (i.e., implied malice) in violation of her due process rights. Defendant's analysis is flawed.

■ The due process clause precludes a conviction unless the state has proved beyond a reasonable doubt every fact necessary to constitute the crime with which the accused is charged. This burden cannot be shifted to a defendant. (*Patterson* v. *New York* (1977) 432 U.S. 197, 204-205 [97 S.Ct. 2319, 2324, 53 L.Ed.2d 281].) Thus, "the Due Process Clause requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged." (*Id.* at p. 210 [97 S.Ct. at p. 2327].)

■ In a plurality opinion, the United States Supreme Court in *Montana* held that a defendant's right to have a jury consider evidence of his voluntary intoxication in determining whether he possessed the requisite mental state was not a "fundamental principle of justice." As a result, the court held Montana's statutory ban on consideration of a defendant's intoxicated condition in determining the existence of a mental state, which is an element of the offense, did not violate the due process clause. (*Montana* v. *Egelhoff, supra*, 518 U.S. at pp. 40-43, 48-51, 56 [116 S.Ct. at pp. 2016-2017, 2019-2021, 2023-2024] (plur. opn.); see also *id.* at pp. 58-59 [116 S.Ct. at pp. 2024-2025] (conc. opn. of Ginsburg, J.).) ■ The court reasoned: "It is not surprising that many States have held fast to or resurrected the common-law rule prohibiting consideration of voluntary intoxication in the determination of *mens rea*, because that rule has considerable justification—which alone casts doubt upon the proposition that the opposite rule is a 'fundamental principle.' A large number of crimes, especially violent crimes, are committed by intoxicated offenders; modern studies put the numbers as high as half of all homicides, for example. [Citations.] Disallowing consideration of voluntary intoxication has the effect of increasing the punishment for all unlawful acts committed in that state, and thereby

deters drunkenness or irresponsible behavior while drunk. The rule also serves as a specific deterrent, ensuring that those who prove incapable of controlling violent impulses while voluntarily intoxicated go to prison. And finally, the rule comports with and implements society's moral perception that one who has voluntarily impaired his own faculties should be responsible for the consequences. [Citation.]" (*Montana, supra,* 518 U.S. at pp. 49-50 [116 S.Ct. at p. 2020], fn. omitted.)

The *Montana* court noted the well-settled principle that "the introduction of relevant evidence can be limited by the State for a 'valid' reason . . . ." (*Montana v. Egelhoff, supra,* 518 U.S. at p. 53 [116 S.Ct. at p. 2022].) As long ago as 1969, the California Supreme Court recognized the commonly held public belief that "a person who voluntarily gets drunk and while in that state commits a crime should not escape the consequences." (*People v. Hood* (1969) 1 Cal.3d 444, 455 [82 Cal.Rptr. 618, 462 P.2d 370].) The 1982 and 1995 amendments to section 22 are a reflection of this public perception.

██ Several courts have addressed the constitutional validity of the legislative enactments abolishing the defense of diminished capacity (specifically, §§ 22, 28 and 29), and found no due process violation. (See, e.g., *People v. Saille* (1991) 54 Cal.3d 1103, 1116 [2 Cal.Rptr.2d 364, 820 P.2d 588]; *People v. Whitler* (1985) 171 Cal.App.3d 337, 340-341 [214 Cal.Rptr. 610]; *People v. Lynn* (1984) 159 Cal.App.3d 715, 732-733 [206 Cal.Rptr. 181]; *People v. Jackson* (1984) 152 Cal.App.3d 961, 967-970 [199 Cal.Rptr. 848].) It is informative to review the basis for such a finding.

In *People v. Lynn, supra,* 159 Cal.App.3d 715, the court opined:

"The exclusion of the capacity evidence represented by sections 22, 28 and 29 is not of constitutional dimension [citation]. It is 'nothing more than a legislative determination that for reasons of reliability or public policy, "capacity" evidence is inadmissible' [citation]. The enactment neither prevented [the defendant] from disproving the mental state necessary to the charges nor deprived him of his constitutional right to require the People to prove every fact necessary to constitute the crime beyond a reasonable doubt [citations]. [¶] . . .

"We observe it has recently been held there is no due process impediment in the substantive statutory definition of felony murder which omits malice as an element of that crime [citation]. The deletion of malice gives rise to no presumption which must pass due process muster [citation]. It occurs to us

that if the Legislature may constitutionally delete malice as an element of felony murder, it may also constitutionally delete diminished capacity as a defense to crimes requiring particular mental states. In both cases, we are dealing with a matter of substantive statutory definition [citation]. In neither case is there a presumption involved that must withstand constitutional due process scrutiny because of its burden shifting effect." (*People v. Lynn*, *supra*, 159 Cal.App.3d at pp. 732-733; see also *People v. Saille, supra*, 54 Cal.3d at p. 1116 [abolition of diminished capacity defense and limitation of admissible evidence to actual formation of various mental states does not violate due process right to present a defense].)

 The Legislature's most recent amendment to section 22 is closely analogous to its abrogation of the defense of diminished capacity. We therefore find the reasoning of *Lynn* applicable here. The 1995 amendment to section 22 results from a legislative determination that, for reasons of public policy, evidence of voluntary intoxication to negate culpability shall be strictly limited. We find nothing in the enactment that deprives a defendant of the ability to present a defense or relieves the People of their burden to prove every element of the crime charged beyond a reasonable doubt, including, in this case, knowledge.

Accordingly, we find no due process violation. Thus, the court did not err in instructing the jury with CALJIC No. 4.20, rather than CALJIC No. 4.21.

III.-V.*

. . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The conviction of gross vehicular manslaughter while intoxicated is reversed. In all other respects, the judgment is affirmed. The trial court shall prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections.

Dibiaso, Acting P. J., and Thaxter, J., concurred.

A petition for a rehearing was denied March 22, 2000, and appellant's petition for review by the Supreme Court was denied June 14, 2000.

---

*See footnote, *ante*, page 1107.