Filed 2/11/15  P. v. Shepard CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>KAREN LUANNE SHEPARD,<br><br>     Defendant and Appellant. | F067441<br><br>(Super. Ct. No. MCR028468)<br><br>**OPINION** |

---

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Mitchell C. Rigby, Judge.

Paul Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

---

[*]     Before Levy, Acting P.J., Kane, J. and Smith, J.

-ooOoo-

Defendant Karen Luanne Shepard appeals the trial court's order continuing her involuntary treatment as a mentally disordered offender (Pen. Code, § 2970).[1] On appeal, she contends the trial court's instruction on expert testimony was erroneous. We affirm.

## DISCUSSION

We review claims of instructional error de novo. (*People v. Posey* (2004) 32 Cal.4th 193, 218.) "'"In determining whether error has been committed in giving or not giving jury instructions, we must consider the instructions as a whole … [and] assume that the jurors are intelligent persons and capable of understanding and correlating all jury instructions which are given. [Citation.]"'" (*People v. Martin* (2000) 78 Cal.App.4th 1107, 1111-1112.) We view jury instructions in the context of the overall charges, not in artificial isolation. (*People v. Mayfield* (1997) 14 Cal.4th 668, 777.) "'Instructions should be interpreted, if possible, so as to support the judgment rather than defeat it if they are reasonably susceptible to such interpretation.'" (*People v. Ramos* (2008) 163 Cal.App.4th 1082, 1088.)

In this case, the trial court instructed the jury with CALCRIM No. 332 regarding the jury's evaluation of expert testimony, as follows:

"Witnesses were allowed to testify as experts and to give opinions. You must consider the opinions, but you are not required to accept them as true or correct. The meaning and importance of any opinion are for you to decide. In evaluating the believability of an expert witness, follow the instructions about the believability of witnesses generally. In addition, consider the expert's knowledge, skill, experience, training and education, the reasons the expert gave for any opinion, and the facts or information on which the expert relied in reaching that opinion. *You must decide whether information on which the expert relied was true and accurate. You may*

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

2.

*disregard any opinion that you find unbelievable, unreasonable, or unsupported by the evidence*." (Italics added.)

## I.

Defendant contends the first italicized sentence is erroneous. She explains that in the absence of independent, non-hearsay evidence of the facts upon which the expert's opinion relies, the jury should not be instructed that it "must decide whether information on which the expert relied was true and accurate" because the jury has no basis for doing so and because the instruction conveys to the jury that it should take the expert's opinion as the truth.

In *People v. Felix* (2008) 160 Cal.App.4th 849 (*Felix*), the defendant contended that this sentence of the instruction "directed the jury to consider the foundation of expert witness testimony, which may rest on hearsay and facts not admitted into evidence. He thus argue[d] that the instruction advises juries to determine the truth or accuracy of matters not presented at trial, and obliges them to speculate or 'perform the impossible.'" (*Id.* at p. 860.) The court disagreed and explained:

"Appellant's contention ignores the sentences immediately preceding and following the italicized sentence, as well as other instructions given to the jury. The preceding sentence groups 'information on which the expert relied' with other matters that the expert disclosed *at trial*, namely, the expert's qualifications and reasons for his or her opinions; the following sentence permits the jury to reject expert opinions unsupported by *the evidence*. Moreover, the jury received CALCRIM Nos. 201 and 222, which, respectively, forbid independent investigation and inform the jurors that they 'must use only the evidence that was presented in [the] courtroom.' Viewed in context, the sentence appellant challenges directed the jury to examine any 'information on which the expert relied' that was disclosed at trial, and to assess its value on the basis of the evidence admitted at trial. [¶] This task is neither impossible nor improper. As our Supreme Court indicated in *People v. Dunkle* (2005) 36 Cal.4th 861, 899, juries are properly instructed to assess critically the disclosed factual basis of an expert opinion. Accordingly, there was no instructional error." (*Felix, supra,* 160 Cal.App.4th at p. 860.)

We note that in this case, as in *Felix*, the jurors were also instructed with CALCRIM Nos. 201 and 222. For the reasons explained in *Felix*, we reject this contention.

**II.**

Defendant also contends the final sentence of the instruction conveys to the jury that it *may* disregard an unsupported opinion, when in fact it *is required to* disregard it, and thus the instruction gives the jury discretion to accept an opinion that is unsupported by the evidence.

This permissive language, however, corresponds to section 1127b, which addresses expert testimony:

> "When, in any criminal trial or proceeding, the opinion of any expert witness is received in evidence, the court shall instruct the jury substantially as follows: [¶] Duly qualified experts may give their opinions on questions in controversy at a trial. To assist the jury in deciding such questions, the jury *may consider* the opinion with the reasons stated therefor, if any, by the expert who gives the opinion. The jury is not bound to accept the opinion of any expert as conclusive, but should give to it the weight to which they shall find it to be entitled. The jury *may, however, disregard* any such opinion, if it shall be found by them to be unreasonable. [¶] No further instruction on the subject of opinion evidence need be given." (Italics added.)

The instruction has the same effective meaning as the "may consider" and "may, however, disregard" language in section 1127b because, although it requires the jury to consider the opinion testimony, it also permits jurors to disregard it. We conclude that CALCRIM No. 332 is a correct statement of the law.

**<u>DISPOSITION</u>**

The judgment is affirmed.

4.