Filed 2/27/15  P. v. Crespo CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065318 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD251158) |
| JUAN PABLO CRESPO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Peter L. Gallagher, Judge.  Affirmed.

Michael P. Goldstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

A jury convicted Juan Pablo Crespo of four counts of burglary (Pen. Code, § 459),[1] two counts of grand theft (§ 487, subd. (a)), and one count of using multiple checks knowing he had insufficient funds in the bank for payment of the checks (§ 476a, subd. (a)). Crespo admitted he committed these crimes while he was out of custody on bail in another criminal case (§ 12022.1, subd. (b)). The court sentenced Crespo to two years and eight months in county jail. On appeal, Crespo contends the court committed prejudicial error by instructing the jury regarding the use of circumstantial evidence with CALCRIM Nos. 224 and 225. Crespo contends these form instructions are not consistent with authority stating circumstantial evidence must be inconsistent with any rational conclusion other than guilt, i.e., irreconcilable with innocence. (See *People v. Bender* (1945) 27 Cal.2d 164, 175-176 (*Bender*), disapproved on other grounds in *People v. Lasko* (2000) 23 Cal.4th 101, 110.) We conclude the instructions given correctly state the law and we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

A

In August 2011 Crespo opened a savings account and a checking account at a credit union. Over the next several months, he made some deposits, but also had numerous checks returned for insufficient funds. With the exception of the first month,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

the ending balance of the checking account was overdrawn every month until the account was closed.

The last deposit made in the account was on April 2, 2012, in the amount of $690.70. That same month, Crespo enrolled in an overdraft protection program to cover his overdrafts up to $500. Under the terms of this program, he was required to bring the account current within 30 days when he used the overdraft protection. By mid-April, the account was overdrawn by $1,230.84.

On May 2, 2012, Crespo made two balance inquiries at an automatic teller machine. He also attempted to withdraw money from his account and was denied for insufficient funds. His account was overdrawn by more than $1,200.00. In mid-May, Crespo again made multiple attempts to withdraw funds, which were denied due to insufficient funds. The same month, multiple checks were returned for insufficient funds. Each time a check is returned for insufficient funds, the account holder is notified by letter.

B

On May 28, 2012, Crespo submitted two checks, one for $376 and another for $838.24, seemingly to pay for merchandise he took from Torrey Pines Pro Shop (Pro Shop) in two separate transactions. At the time of these transactions, Crespo's checking account was overdrawn by more than $1,400.00.

When both checks were returned for insufficient funds, the accountant at the Pro Shop left voice mail messages and sent demand letters to Crespo. Crespo did not respond

3

to these inquiries and the letters were returned as undeliverable. The Pro Shop has never been paid for the merchandise.

## C

The credit union closed Crespo's account in mid-June 2012. He was notified of the closure by letter. In July, Crespo took clothing from Gary's Studio (the Studio) in two separate transactions, again ostensibly paying by two checks ($1,881.62 on July 16 and $965.87 on July 17). The checks were returned as dishonored. The accountant from the Studio called Crespo. Crespo returned one call and left a message saying he was aware of the situation. He apologized and promised to call back the Studio. He did not call back, however, and he failed to respond to additional calls. A demand letter sent to Crespo by certified mail was returned as undeliverable. The Studio did not recover the $2,859.49 lost in these transactions.

## D

A little over a year earlier, in April 2011, Crespo wrote three checks from another banking institution to obtain possession of a car from a car dealership. Crespo initially presented a $10,000 check for the vehicle before going out of town. Upon his return, he presented two additional checks for the balance of the vehicle and took possession of the vehicle. When the first check for $10,000 was returned for insufficient funds, the dealership telephoned Crespo's banking institution and learned there were insufficient funds to cover the other checks as well. The dealership attempted to contact Crespo by telephone, e-mail and in person. Crespo did not repay the dealership and did not return

4

the car. The car was eventually recovered by law enforcement officers in another part of the state.

E

Crespo's defense was that even though Crespo did not make good financial decisions, the evidence did not show he had the requisite intent to defraud at the time of the transactions to be convicted of the charged crimes. Defense counsel argued, "the circumstantial evidence actually points to innocence." Counsel argued Crespo's attempt to obtain discounts at the Pro Shop and his selection of sale items at the Studio, suggested he intended to pay. Defense counsel also argued his multiple balance inquiries in May 2012, before the Pro Shop transactions, suggested he was expecting money to be deposited in his account and, therefore, he could have thought money would be in his account when the checks he wrote cleared.

F

After deliberating for less than two hours, the jury found Crespo guilty on all counts. The court sentenced Crespo to an aggregate term of two years and eight months in county jail based on concurrent middle terms for two counts of grand theft and a consecutive two-year term for the out-on-bail enhancement. Sentencing for the remaining counts was stayed pursuant to section 654, subdivision (a).

DISCUSSION

Crespo contends evidence of his intent to commit the charged crimes was circumstantial and, relying on *Bender*, *supra*, 27 Cal.2d 164, he contends "[t]he trial court committed prejudicial error by failing to instruct the jury that it could not convict unless

5

the circumstantial evidence was inconsistent with any rational conclusion other than guilt." Crespo specifically challenges the adequacy of pattern jury instructions, CALCRIM Nos. 224 and 225, regarding the use of circumstantial evidence.

I

Preliminarily, the People contend Crespo forfeited his claim of instructional error by failing to raise it in the trial court. As a general rule, " '[a] party may not argue on appeal that an instruction correct in law was too general or incomplete, and thus needed clarification, without first requesting such clarification at trial." (*People v. Livingston* (2012) 53 Cal.4th 1145, 1165.)

Crespo does not dispute he did not object to the jury instructions, but contends he was not required to do so because the instructions are not correct in law. "The rule of forfeiture does not apply . . . if the instruction was an incorrect statement of the law [citation], or if the instructional error affected the defendant's substantial rights." (*People v. Franco* (2009) 180 Cal.App.4th 713, 719.) " 'Ascertaining whether claimed instructional error affected the substantial rights of the defendant necessarily requires an examination of the merits of the claim—at least to the extent of ascertaining whether the asserted error would result in prejudice if error it was." (*People v. Ramos* (2008) 163 Cal.App.4th 1082, 1087.) As we explain in the section below, we conclude the instructions given correctly stated the law. Therefore, Crespo forfeited his claim of instructional error by failing to request a clarifying instruction.

" 'An appellate court reviews the wording of a jury instruction de novo and assesses whether the instruction accurately states the law.' [Citation] ' " '[T]he correctness of jury instructions is to be determined from the entire charge of the court, not from a consideration of parts of an instruction or from a particular instruction.' " ' [Citation.] Taking into account the instructions as a whole and the trial record, we 'determine whether there is a reasonable likelihood the jury applied the instruction in an impermissible manner.' [Citation.] We presume that jurors are intelligent and capable of correctly understanding, correlating, applying, and following the court's instructions." (*People v. Acosta* (2014) 226 Cal.App.4th 108, 119.) "Instructions should be interpreted, if possible, so as to support the judgment rather than defeat it if they are reasonably susceptible to such interpretation." (*People v. Martin* (2000) 78 Cal.App.4th 1107, 1112.)

In *Bender*, *supra*, 27 Cal.2d 164, the Supreme Court stated in cases involving the use of circumstantial evidence, a jury should be instructed with the principle that " 'to justify a conviction, the facts or circumstances must not only be entirely consistent with the theory of guilt but must be inconsistent with any other rational conclusion.' " (*Id.* at p. 175.) The Supreme Court also agreed " '[n]either the statement in an instruction that the guilt of the defendant may be established beyond a reasonable doubt, nor the statement that as between two opposing reasonable inferences the one which is consistent with innocence must be preferred to the one tending to show guilt, satisfies the right of the defendant to have the jury instructed that where circumstantial evidence is relied upon

by the People it must be irreconcilable with the theory of innocence in order to furnish a sound basis for conviction.' " (*Id.* at pp. 175-176, quoting *People v. Hatchett* (1944) 63 Cal.App.2d 144, 155.) However, the Supreme Court concluded there was no miscarriage of justice based on instructional error because the jury was "not altogether uninstructed" (they were instructed about evidence susceptible to conflicting interpretations) and because the evidence pointed "irresistibly" to the defendant as the perpetrator of the crime. (*Bender*, at p. 177.)

Neither CALCRIM No. 224 nor CALCRIM No. 225 contain language stating circumstantial evidence must either be "inconsistent with any . . . rational conclusion [other than guilt]" or "irreconcilable with the theory of innocence." (*Bender*, *supra*, 27 Cal.2d at pp. 175-176.) However, Crespo cites no authority requiring the use of this precise language. The precise form of the traditional instruction is not essential, as long as the doctrine is plainly stated. (*People v. Navarro* (1946) 74 Cal.App.2d 544, 550 ["[w]ords of equal import may be substituted if the principle is substantially but clearly and fairly set forth"].) The Supreme Court has held courts should give "an instruction *embodying the principle* that to justify a conviction on circumstantial evidence the facts and circumstances must not only be entirely consistent with the theory of guilt but must be inconsistent with any other rational conclusion." (*People v. Yrigoyen* (1955) 45 Cal.2d 46, 49, italics added.)

In this case, the trial court instructed the jury regarding the use of circumstantial evidence with CALCRIM No. 224 as follows: "Before you may rely on circumstantial evidence to conclude that a fact necessary to find Mr. Crespo guilty has been proved, you

8

must be convinced that the People have proved each fact essential to that conclusion beyond a reasonable doubt. [¶] Also, before you may rely on circumstantial evidence to find [Mr. Crespo] guilty, you must be convinced that *the only reasonable conclusion* supported by the circumstantial evidence is that [Mr. Crespo] is guilty. If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions points to innocence and another to guilt, you must accept the one that points to innocence. However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable." (Italics added)

The trial court also instructed the jury regarding the use of circumstantial evidence to prove intent or mental state with CALCRIM No. 225 as follows: "The People must prove not only that [Mr. Crespo] did the act charged, but that he also acted with a particular intent or mental state. The instruction for each crime and allegation explains the intent or mental state required. [¶] An intent or mental state may be proved by circumstantial evidence. [¶] Before you may rely on circumstantial evidence to conclude that a fact necessary to find [Mr. Crespo] guilty has been proved, you must be convinced that the People have proved each fact essential to that conclusion beyond a reasonable doubt. [¶] Also, before you may rely on circumstantial evidence to conclude that [Mr. Crespo] had the required intent or mental state, you must be convinced that *the only reasonable conclusion* supported by the circumstantial evidence is that [Mr. Crespo] had the required intent or mental state. If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions supports a finding that [Mr. Crespo] did have the required intent or mental state and another

9

reasonable conclusion supports a finding that he did not, you must conclude that the required intent or mental state was not proved by the circumstantial evidence. However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable." (Italics added.)

We conclude the language we italicized above from both CALCRIM Nos. 224 and 225 instructs the jury it must be convinced "the only reasonable conclusion" supported by the circumstantial evidence was guilt or the possession of the required mental state is a correct statement of the law. The language adequately conveys and embodies the principle articulated in *Bender*, *supra*, 27 Cal.2d at page 175 that circumstantial evidence must be " 'inconsistent with any . . . rational conclusion' " other than guilt. Contrary to Crespo's contention, the CALCRIM language does not merely convey circumstantial evidence must be consistent with guilt, it must be "the *only* reasonable conclusion" to be drawn from the circumstantial evidence. (CALCRIM Nos. 224, 225, italics added.)

In this case, even if these instructions could be construed as erroneous, we conclude there was no miscarriage of justice. "[A] 'miscarriage of justice' should be declared only when the court, 'after an examination of the entire cause, including the evidence,' is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*People v. Watson* (1956) 46 Cal.2d 818, 836.) The evidence in this case leads to the overwhelming conclusion Crespo knew he had insufficient funds in his credit union account when he wrote the checks to the Pro Shop and to the Studio. Numerous checks were returned for insufficient funds. He made numerous balance inquiries and withdrawal attempts in early

10

May 2012, which showed he had a negative balance before he wrote the checks to the Pro Shop. His account was closed before he wrote the checks to the Studio. The fact he asked for a discount or selected sale items in no way leads to a rational conclusion he did not intend to defraud the merchants by passing bad checks.

## DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:

O'ROURKE, J.

AARON, J.

11