Filed 9/12/16  P. v. Perkins CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM BERRY PERKINS,<br><br>Defendant and Appellant. | F069357<br><br>(Super. Ct. No. MCR045896)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Madera County.  Mitchell C. Rigby, Judge.

Susan K. Shaler, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant William Berry Perkins was convicted by jury of first degree burglary, in violation of Penal Code section 459 (count 1),[1] and receiving stolen property, in violation of section 496, subdivision (a) (count 2).[2]  In a bifurcated proceeding, the trial court found defendant had served seven prior prison terms (§ 667.5, subd. (b)).  Defendant was sentenced to the midterm of four years for burglary and the midterm of two years for receiving stolen property, stayed pursuant to section 654.  He also received seven one-year sentence enhancements pursuant to section 667.5, subdivision (b), for a total determinate prison term of 11 years.

On appeal, defendant challenges his convictions as unsupported by substantial evidence.  He also argues the trial court erred by excluding expert testimony, excluding evidence of a claim-of-right defense, and failing to instruct the jury sua sponte on a claim of right, and his trial counsel rendered ineffective assistance of counsel by failing to request a jury instruction on claim of right.  We reject these contentions and affirm the judgment.

## FACTUAL SUMMARY

In June 2009, defendant's sister, Beverly Armstrong, relocated to Madera from the state of Alabama to live with and care for their ailing mother.  After their mother died in January 2013, Armstrong continued to reside in the house.

Armstrong was unaware of where defendant lived, but he did not live at their mother's house, spend the night there or have house keys.  Prior to her death, their mother did not allow him in the house except to occasionally use the telephone, which Armstrong testified occurred approximately 10 times while Armstrong lived with her.

---

[1]     Further references are to the Penal Code unless otherwise noted.

[2]     Count 3, petty theft with a prior felony conviction (§ 666), was dismissed by the prosecutor prior to trial.

2.

Their mother also allowed defendant to keep two garbage bags filled with personal possessions on her back porch.

When Armstrong was at home, she parked her car in the driveway or on the street and if her car was not parked in either location, she was not at home. Defendant knew Armstrong's car and prior to the date of the burglary, he had been spotted in the backyard by a neighbor while Armstrong was at work.

On April 2, 2013, at around 2:15 p.m., Armstrong locked the windows and doors to the house and left for work. When she returned around 11:45 p.m. and entered the front door, she could see the stool she always left propped up against the back door was moved to the side. The back door was unlocked. There was dirt on the kitchen counter by the window and she knew from the dirt someone had entered the house through that window. She also saw the window screen had been cut, the security latch to the window was moved, and the window was left open. Armstrong noticed dirt on the refrigerator door handle as well. Some bread was missing and an empty meat wrapper and potato chip bag were discarded in the trash. A small, blue, flowered cloth bag with a zipper containing approximately $60 in coins and belonging to Armstrong and her mother was missing from a china cabinet drawer in the dining room. Armstrong also testified at trial that a bottle of perfume and some DVD's were missing.

Armstrong suspected defendant was responsible. She called the police and reported a burglary. Officers Alva and Garibay responded to the residence separately. Alva was the primary officer on the case and Garibay left six or seven minutes after arriving and completing a walk of the perimeter. Alva unsuccessfully dusted for fingerprints and made a report.[3]

After Garibay left the house, he spotted defendant and another man sitting in the dark on the patio of a closed restaurant about a mile and a half away. As he approached,

---

[3] Armstrong had wiped the dirt and the counter before calling the police.

Garibay recognized both men and he was aware defendant was a person of interest in the burglary Alva was investigating. Garibay advised dispatch of the situation and he conducted a search of defendant. Garibay located a blue cloth bag of coins in defendant's pocket. He put the bag on the hood of his patrol car and when Alva arrived after hearing defendant was with Garibay, she said, "Oh, there are the coins." Defendant responded, "What are you talking about? Those are my coins and that's my bag." Approximately 30 to 40 minutes after first arriving at Armstrong's house to investigate the burglary, Alva returned the bag to her and she identified it as the one stolen.

## DISCUSSION

### II. Sufficiency of the Evidence

#### A. Standard of Review

On appeal, the relevant inquiry governing a challenge to the sufficiency of the evidence "'is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" (*People v. Nguyen* (2015) 61 Cal.4th 1015, 1055, cert. den. (2016) ___ U.S. ___ [136 S.Ct. 1714].) "The record must disclose substantial evidence to support the verdict—i.e., evidence that is reasonable, credible, and of solid value— such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.) "In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence." (*Ibid.*) "'[I]t is the jury, not the appellate court which must be convinced of the defendant's guilt ….'" (*People v. Nguyen*, *supra*, at pp. 1055–1056.) "A reversal for insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support"' the jury's verdict." (*People v. Zamudio*, *supra*, at p. 357.)

### B. Burglary Conviction

Defendant argues he lacked the specific intent to commit burglary because, as an heir, he held an honest, good faith belief he had an interest in his mother's house and personal property. The People respond that his manner of entry supports the inference he knew he did not have an interest in the house or possessions, he ate a sandwich and chips he knew he did not have an interest in, and his guilty knowledge was evidenced by his statement the bag of coins was his.

First degree burglary is the entry into an inhabited dwelling with the intent to commit larceny or any felony (§§ 459, 460; *People v. Harris* (2013) 57 Cal.4th 804, 842; *Magness v. Superior Court* (2012) 54 Cal.4th 270, 273), and "[i]ntent to steal is often proved by circumstantial evidence" (*People v. Abilez* (2007) 41 Cal.4th 472, 508). "[S]ection 459 [has] two functions: to protect against the increased risk to personal safety that attends the commission of a felony inside the enumerated locations, and to prevent the invasion of an owner's or occupant's *possessory interest* in a space against 'a person who has no right to be in the building.' [Citations.]" (*People v. Garcia* (2016) 62 Cal.4th 1116, 1125, italics added.)

"At common law, a claim of right was recognized as a defense to larceny because it was deemed to negate the *animus furandi*, or intent to steal, of that offense." (*People v. Tufunga* (1999) 21 Cal.4th 935, 938.) This "defense provides that a defendant's good faith belief, even if mistakenly held, that he has a right or claim to property he takes from another negates the felonious intent necessary for conviction of theft or robbery." (*Ibid*.; *People v. Zamani* (2010) 183 Cal.App.4th 854, 887–888.)

The issue central to this case is whether defendant had a possessory interest in his deceased mother's house, entitling him to enter when he did. We conclude without difficulty that he did not.

A possessory interest entitling entry to a residence may be unconditional, conditional, or entirely absent. (*People v. Gauze* (1975) 15 Cal.3d 709, 714 (*Gauze*);

5.

*People v. Ulloa* (2009) 180 Cal.App.4th 601, 609–610 (*Ulloa*); *People v. Smith* (2006) 142 Cal.App.4th 923, 931–932 (*Smith*); *People v. Davenport* (1990) 219 Cal.App.3d 885, 892.)  In *Gauze*, the California Supreme Court, recognizing a cotenant's interest in his own apartment was unconditional and entitled him to absolute right of entry, reversed a burglary conviction against a defendant who entered his own apartment and shot one of his roommates in the arm.  (*Gauze*, *supra*, at pp. 711, 714, 719.)  Courts have also recognized that a once-unconditional possessory interest may be rendered conditional, such as when a coresident moves out.  (*Ulloa*, *supra,* at pp. 606–607, 610; *Smith*, *supra*, at pp. 931–932.)  Although a legal interest in the residence may still exist, the former coresident no longer has an absolute right to enter the residence.  (*Ulloa*, *supra*, at pp. 609–610; *Smith*, *supra*, at pp. 931–932.)

In the *Smith* case, the defendant was convicted of burglary despite having a community property interest in the house he and his estranged wife owned together.  (*Smith*, *supra*, 142 Cal.App.4th at pp. 931–933.)  Prior to the commission of the burglary, the family law court had awarded his wife sole possession of the house and in rejecting his challenge to his conviction, the Court of Appeal stated, "While we agree that in the marital dissolution setting no one party can be awarded the sole right to possess his or her community property, we disagree that such restriction logically extends to the criminal setting.  The possessory right protected under the Family Code differs from that contemplated under the Penal Code.  'The possessory right protected by section 459 is the "right to exert control over property to the exclusion of others" or, stated differently, the "right to enter as the occupant of that structure." [Citation.]'  [Citation.]" (*Id.* at p. 932.)

At the time of the burglary, defendant's sister had been living in their mother's house for almost four years, at first with their mother and then alone after their mother died.  Defendant, on the other hand, was not living there when the burglary was committed, had not been living there, and had been permitted inside the house only on

6.

occasion to use the phone during the time Armstrong was caring for their mother. Armstrong, without question, was the only one with a possessory interest in the house at the time of the burglary. It appears defendant's and Armstrong's mother died intestate and, as an heir, defendant may have a legal right to an ownership share in his mother's house and personal property. (Prob. Code, §§ 6400, 6402). However, just as the defendant in *Smith* lacked a current possessory interest despite having a community property interest in the house he and his wife owned together, defendant lacked a current possessory interest in his mother's house despite having a legal interest as an heir to the estate. (*Gauze*, *supra*, 15 Cal.3d at p. 714; *Ulloa*, *supra*, 180 Cal.App.4th at pp. 609–610; *Smith*, *supra*, 142 Cal.App.4th at p. 932.)

Regarding defendant's claim he held a good faith belief he had an interest in his mother's house and personal property, he presented no evidence on that issue and the evidence that was presented regarding the circumstances of the entry and taking do not suggest the existence of such a belief.[4] (*People v. Fenderson* (2010) 188 Cal.App.4th 625, 644 [concealment or lack of concealment relevant to claim-of-right defense].) In addition to breaking in through a window when his sister was not home and leaving with the bag of coins, actions which strongly suggest concealment, defendant was not the sole heir. He had three other siblings and, therefore, did not enjoy a full ownership share in the house or his mother's personal property entitling him to do as he pleased with the house or the personal property therein, notwithstanding his lack of a current possessory interest.

We therefore conclude there is sufficient evidence supporting defendant's conviction for first degree burglary and we reject his argument to the contrary.

---

**4** We address and reject defendant's arguments he was prevented from advancing a claim-of-right defense by the trial court and through ineffective assistance of counsel in parts II. and III., *post*.

### C. Receiving Stolen Property Conviction

Defendant also challenges his conviction for receiving stolen property, which requires substantial evidence of the following elements: "(1) that the particular property was stolen, (2) that the accused received, concealed or withheld it from the owner thereof, and (3) that the accused knew the property was stolen." (*People v. Vann* (1974) 12 Cal.3d 220, 224.) "'Possession of recently stolen property is so incriminating that to warrant conviction there need only be, in addition to possession, slight corroboration in the form of statements or conduct of the defendant tending to show his guilt. [Citations.]' [Citation.]" (*Ibid.*) "Since direct evidence of [a] defendant's knowledge rarely exists, circumstantial evidence often comes from 'possession of stolen property accompanied by no explanation or unsatisfactory explanation, or by suspicious circumstances ....' [Citations.]" (*People v. Moses* (1990) 217 Cal.App.3d 1245, 1251.)

Armstrong testified the bag of coins, which was distinctive in color and pattern, belonged to her mother and to her; it had been taken from a drawer in the china cabinet the afternoon or evening of April 2, 2013; it was found in defendant's pocket in the early morning hours of April 3, 2013; and defendant falsely stated the bag was his. This evidence is sufficient to support findings by a reasonable trier of fact that the bag of coins was stolen from their mother's house, it was concealed in defendant's pocket, and he knew it was stolen. We are unpersuaded by defendant's argument to the contrary.

## II. Errors by Trial Court

### A. Exclusion of Expert Testimony

Defendant contends the trial court issued a series of rulings that effectively denied him the right to present expert testimony in his defense, namely that as an heir to his deceased mother's estate he had a claim of right to his mother's property. The People respond expert testimony was irrelevant to defendant's state of mind and would have been futile because claim of right did not apply to this case.

8.

"As a general rule, a trial court has wide discretion to admit or exclude expert testimony. [Citations.] An appellate court may not interfere with the exercise of that discretion unless it is clearly abused." (*People v. Page* (1991) 2 Cal.App.4th 161, 187; *People v. McWhorter* (2009) 47 Cal.4th 318, 362.) Relevant to the ruling at issue here, evidence must be relevant to be admissible. (Evid. Code, § 350; *People v. Duff* (2014) 58 Cal.4th 527, 558.)

We turn first to what did occur. Defendant's first trial ended in a mistrial and he was convicted in a second jury trial.[5] Prior to the first trial, the court held a trial setting and "semiofficial motions in limine hearing." Defendant sought a ruling, or an indicated ruling, on the admissibility of an out-of-state lay witness's testimony and a probate expert's testimony, due to costs that would have to be incurred to secure the witnesses' attendance at trial. The trial court determined that defendant's right to enter the house depended on whether he had a current possessory interest and identified the issue as whether defendant became a cotenant upon his mother's death, as opposed to a co-owner. (*Gauze*, *supra*, 15 Cal.3d at p. 714; *Ulloa*, *supra*, 180 Cal.App.4th at pp. 609–610.)

The proposed expert testimony addressed defendant's legal right as an heir to an ownership share in his late mother's house and possessions.[6] The trial court stated it was disinclined to allow the expert to testify because, based on what had been presented to date, the testimony was not relevant to the issue of whether defendant had any possessory interest at the time of the burglary. The court noted the ruling was subject to change if

[5] The trial court granted defendant's motion for a mistrial after the investigating officer testified she believed defendant was lying because of his past arrests, the mention of which contravened a pretrial ruling that defendant's past arrests could only be used for impeachment if he testified.

[6] Defendant's mother apparently died intestate. We note the parties' discussions regarding the state of probate, including whether anything had been filed, were speculative, with the prosecutor assuming Armstrong was the administrator and the defense representing that the sister residing out-of-state said she was going to obtain a letter of intent regarding proceedings; neither side had any evidence to offer.

9.

the facts changed. At no time did trial counsel represent that the defense wanted to present expert testimony on the issue of defendant's possessory interest by virtue of his status as an heir. The expert who had been contacted by the defense did not offer an opinion on that issue and counsel conceded she had no authority for that position. Nor did counsel represent the defense wanted to present any expert testimony otherwise regarding a bona fide belief in a claim of right.

At the subsequent trial confirmation hearing, the trial judge, who had not presided over the earlier trial setting and motions in limine hearing, addressed the expert witness issue. The judge agreed with the prior ruling and, regarding evidence of possessory interest, stated, "So I'm not going to preclude that kind of evidence from coming in, but I'm certainly not planning to have an expert testify in this with regard to, my impression is, probate-related rights. It seems to me those are legal issues that can be handled by the court. But we'll see what the evidence is as we go along, okay?"

Thus, prior to the first trial, the court did not preclude defendant from offering relevant expert testimony. Rather, defendant sought an indicated ruling regarding the admissibility of the proposed testimony and received one: the proposed testimony was not relevant. The court made it clear that ruling could change depending on any change in facts.

Turning to what did not occur, defendant fails to identify where in the record he sought to present expert testimony and received an adverse ruling relating to the second trial, which is the trial relevant to this appeal. Our own review finds no support in the record for defendant's argument that he intended to present expert testimony relevant to his possessory interest, as an heir, in the house and/or to a claim-of-right defense but was precluded from doing so by the trial court. Moreover, we are unaware of any authority for the proposition that legal entitlement to an ownership share in property as an heir, to be determined during probate proceedings, had the effect of vesting in defendant a current possessory interest in a house inhabited by someone else and defendant cites to

none.  (*Ulloa*, *supra*, 180 Cal.App.4th at pp. 609–610; *Gauze*, *supra*, 15 Cal.3d at p. 714; see *People v. Casares* (2016) 62 Cal.4th 808, 835–836 [discussing ownership interest versus possessory interest in search and seizure context].)  We therefore find no merit to defendant's claim his rights were violated by an erroneous exclusion of expert testimony at his second trial.

### B.      Exclusion of Claim-of-Right Evidence

Next, defendant argues the trial court erred in ruling he had no possessory interest in his mother's property, thereby improperly excluding evidence that he had a claim of right to the property.  This argument, too, draws no support from the record.

The first discussion cited by defendant occurred during a hearing on defendant's motion to set aside the information pursuant to section 995.  While the trial court discussed defendant's possessory interest in the house, it did so in the context of resolving the section 995 motion, which was denied.  We find *Johns v. Scobie* (1939) 12 Cal.2d 618, a civil adverse possession case cited by defendant in the trial court and again on appeal, inapposite.  In noting "[i]t is a fundamental rule that each tenant in common has a right to occupy the whole of the property," the California Supreme Court was discussing the rights of heirs under probate laws of succession.  (*Id*. at p. 623.)  Given more recently decided cases addressing possessory interest in the criminal context, the case is not persuasive authority for the proposition that, in the context of a criminal burglary charge, defendant had the right to enter the house his sister lived in and remove items of personal property belonging to his sister and/or mother.  (E.g., *Gauze*, *supra*, 15 Cal.3d at p. 714; *Ulloa*, *supra*, 180 Cal.App.4th at pp. 609–610; *Smith*, *supra*, 142 Cal.App.4th at p. 932.)

At a subsequent hearing held the day before trial started, defense counsel stated the only potential witness was defendant.  The court confirmed defendant's right to testify or not and noted he would probably be conferring with counsel regarding that issue during the course of the trial.  (*People v. Carter* (2005) 36 Cal.4th 1114, 1198.)

11.

Motions in limine were then addressed and the prosecutor moved to exclude any testimony about defendant's inheritance rights, as discussed in the prior section 995 motion hearing, on the grounds of relevancy and prejudice. (Evid. Code, §§ 350, 352.) Defense counsel agreed the issue had been addressed in part and requested they have a hearing pursuant to Evidence Code section 402 should further information arise. The court agreed and granted the prosecution's motion in limine, without prejudice to the defense and subject to a hearing outside the presence of the jury if additional information came up. (Evid. Code, § 402.)

These events do not support an argument the trial court erred in finding defendant had no possessory interest in the house or personal property. The trial court's statements that he lacked such interest were fully supported by the law and defendant cites no authority to the contrary. More to the point here, however, the trial court did not preclude defendant from pursuing a claim-of-right defense. The trial court's ruling on the motion in limine was without prejudice and jury trial commenced with the possibility that defendant would exercise his right to testify. Counsel stated he did not plan to raise the issue as part of the defense, however, and defendant ultimately exercised his right not to testify. (*People v. Carter*, *supra*, 36 Cal.4th at p. 1198.) We are unable to discern a basis for pursuing a claim-of-right defense in the absence of defendant's testimony regarding his state of mind (*People v. Tufunga*, *supra*, 21 Cal.4th at pp. 944–945), but in any event, he was not precluded from doing so by the trial court and this claim is rejected.

## C. Failure to Sua Sponte Instruct on Claim-of-Right Defense

Finally, defendant argues the trial court erred in failing to instruct the jury sua sponte on the claim-of-right defense. The People contend the instruction was unwarranted and we agree.

Allegations of instructional error are reviewed de novo. (*People v. Waidla* (2000) 22 Cal.4th 690, 733; *People v. Martin* (2000) 78 Cal.App.4th 1107, 1111.) "In criminal cases, even in the absence of a request, a trial court must instruct on general principles of

12.

law relevant to the issues raised by the evidence and necessary for the jury's understanding of the case." (*People v. Martinez* (2010) 47 Cal.4th 911, 953.) "Generally, '[a] party is not entitled to an instruction on a theory for which there is no supporting evidence.' [Citation.] '[A] trial court is not required to instruct on a claim-of-right defense unless there is evidence to support an inference that [the defendant] acted with a subjective belief he or she had a lawful claim on the property.' [Citations.]" (*People v. Tufunga*, *supra*, 21 Cal.4th at p. 944; *People v. Anderson* (2015) 235 Cal.App.4th 93, 100.)

As there was no supporting evidence presented on this defense by the People or defendant, we find his instructional challenge lacks merit.

## III.    Ineffective Assistance of Counsel

Defendant's trial counsel did not request a claim-of-right defense instruction and, on appeal, defendant argues he rendered ineffective assistance of counsel in failing to do so. The People respond that it would have been futile for counsel to have done so in the absence of evidence supporting the defense.

Defendant bears the burden of proving ineffective assistance of counsel. (*People v. Mattson* (1990) 50 Cal.3d 826, 876–877.) "To secure reversal of a conviction upon the ground of ineffective assistance of counsel under either the state or federal Constitution, a defendant must establish (1) that defense counsel's performance fell below an objective standard of reasonableness, i.e., that counsel's performance did not meet the standard to be expected of a reasonably competent attorney, and (2) that there is a reasonable probability that defendant would have obtained a more favorable result absent counsel's shortcomings." (*People v. Cunningham* (2001) 25 Cal.4th 926, 1003; see generally *Strickland v. Washington* (1984) 466 U.S. 668, 687–694.) "[I]n assessing a Sixth Amendment attack on trial counsel's adequacy mounted on *direct appeal*, competency is *presumed* unless the record *affirmatively* excludes a rational basis for the trial attorney's

choice." (*People v. Musselwhite* (1998) 17 Cal.4th 1216, 1260; accord, *People v. Stewart* (2004) 33 Cal.4th 425, 459.)

Defendant did not present any evidence supporting an inference he entered the house and took the property with the belief he had the right to do so. (*People v. Tufunga*, *supra*, 21 Cal.4th at p. 944.) Based on the record, raising a claim-of-right defense was a consideration; however, defendant elected not to testify. The absence of any evidence supporting a claim-of-right defense clearly provides a rational basis for the decision not to seek an instruction on it. (*Ibid.*) In addition, as the People point out, the defense is not available "if the defendant attempted to conceal the taking …." (CALCRIM No. 1863; *People v. Fenderson*, *supra*, 188 Cal.App.4th at pp. 643–644.) Here, there was evidence defendant knew what car his sister drove and it was obvious if she was home because her car was parked in the driveway or on the street. Defendant entered the house through a window when his sister was not home, took personal property, and left, evidencing an attempt to conceal the entry and theft. (*People v. Fenderson*, *supra*, at p. 644.)

Regarding the decision not to pursue the defense at all, we find defendant's argument that counsel's performance was deficient unpersuasive. There is no evidence in the record that counsel and defendant disagreed during trial regarding whether defendant should testify or whether a claim-of-right defense should be raised and, therefore, defendant's citation to *People v. Frierson* (1985) 39 Cal.3d 803, 814, 817–818 lends no support to his argument.[7] We "give great deference to counsel's tactical decisions" (*People v. Johnson* (2015) 60 Cal.4th 966, 980), and the possibility that defendant might testify was left open as trial commenced. Given the circumstances surrounding the entry

---

[7] In *People v. Frierson*, a capital case, the defendant very strongly wanted his trial counsel to present evidence of diminished capacity during the guilt/special circumstances phase of trial. (*People v. Frierson*, *supra*, 39 Cal.3d at p. 805.) He was overruled by counsel and the trial court, and the California Supreme Court found it improper for counsel to "refuse to honor [the] defendant's clearly expressed desire to present a defense at that stage." (*Id.* at p. 815, fn. omitted.)

and theft, and the availability for impeachment of defendant's multiple prior convictions, we have no trouble concluding counsel's decision not to raise a claim-of-right defense "can be explained as a matter of sound trial strategy." (*People v. Carter* (2003) 30 Cal.4th 1166, 1211.) We reject defendant's claim to the contrary.

## DISPOSITION

The judgment is affirmed.

_____
KANE, Acting P.J.

WE CONCUR:


_____
DETJEN, J.


_____
SMITH, J.