Filed 5/7/26  P. v. Hernandez CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FRANCISCO RENE ABREGO HERNANDEZ,<br><br>    Defendant and Appellant. | G064262<br><br>(Super. Ct. No. 20CF0696)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Robert A. Knox, Judge. Affirmed.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Joshua Trinh, Deputy Attorneys General, for Plaintiff and Appellant.

\*        \*        \*

Defendant Francisco Rene Abrego Hernandez was convicted of forcible rape of Jane Doe with a true finding on an allegation of use of a dangerous or deadly weapon during commission of the rape. On appeal, Hernandez argues the trial court erred in failing to instruct the jury on unanimity where the prosecution accused Hernandez of using three separate weapons–a BB gun, taser, and folding knife–during the rape. Hernandez contends the jurors could have disagreed as to which particular item was a deadly or dangerous weapon. We conclude the court was not required to instruct the jury on unanimity and affirm the judgment.

FACTS

A. *Factual Background*

    1. Rape of Jane Doe

On January 19, 1999, Jane Doe was having sexual intercourse with M.H. in his van at Centennial Park in Santa Ana. Hernandez, wearing a ski mask, entered the van. Hernandez held up a gun, pointed it at M.H., and asked if they had any money or drugs. Hernandez told M.H. to get on his knees and told Jane Doe he was going to kill M.H. first. Jane Doe begged for their lives and told Hernandez he "could do whatever he wanted with [her]."

Hernandez made M.H. lie face down on the floor and had Jane Doe lie on top of M.H. Hernandez pulled a folding knife and taser out of his jacket and placed them on the floor. Jane Doe told Hernandez she was pregnant. While Hernandez raped Jane Doe, he pointed the gun at M.H. and had the taser and knife, which was close, by his side. Jane Doe cried and repeatedly said "no" during the rape. Hernandez ordered M.H. to drive to a parking lot and then left the van.

2

M.H. drove Jane Doe back to her house and then to the hospital. A doctor conducted a sexual assault exam, which revealed the presence of semen. In 2019, a forensic scientist examined the semen sample from Jane Doe's rape and determined that the sample matched Hernandez's DNA. This semen sample also matched Hernandez's DNA recovered in other cases.

### 2. Other Offenses

At Jane Doe's trial, four other women testified to similar sexual assaults by Hernandez at Jerome Park, Centennial Park or Mile Square Park between 1997 and 2003, all of which resulted in convictions. In those assaults, Hernandez used a gun and/or a knife and nearly identical methods, including approaching a male and female couple at gun or knife point and positioning the victims in a nearly identical way as he did with Jane Doe and M.H., while the sexual assault occurred.

In 2003, while patrolling Jerome Park, a police officer identified Hernandez as a suspect matching the composite sketch and description of the rapist. After detaining Hernandez, the officer discovered a realistic looking BB gun in Hernandez's backpack. In May 2006, Hernandez was convicted of the forcible rapes of the four other victims aside from Jane Doe.

### B. Procedural History

Hernandez was charged in this case with forcible rape of Jane Doe (Pen. Code[1], § 261, subd. (a)(2)). It was further alleged that, in the commission of the rape, Hernandez personally used a dangerous or deadly weapon. (§ 667.71, subds. (b), (e).) The information also alleged six aggravating factors. The jury found Hernandez guilty of forcible rape and found the dangerous or deadly weapon allegation true. The trial court found

---

[1] All further statutory references are to the Penal Code.

3

all six aggravating factors true and sentenced Hernandez to a term of 15 years to life.

DISCUSSION

I.

THE COURT DID NOT ERR IN FAILING TO GIVE A UNANIMITY INSTRUCTION

Hernandez argues the trial court erred in failing to instruct the jury on unanimity regarding the sentencing enhancement because the prosecution accused him of using three separate dangerous or deadly weapons during commission of the rape of Jane Doe and the jury therefore had to agree on which of these objects was used. We conclude there was no error in failing to instruct the jury. Alternatively, any purported error was harmless.

A. *Factual Background*

During a discussion regarding jury instructions, the prosecutor stated, "To make the instruction make sense, I don't know if the [c]ourt wants to amend it to read, 'Someone personally uses a deadly or dangerous weapon if he or she intentionally displays the weapon in a menacing manner.'" The trial court replied, "That's fine. Is that all right with you, [defense counsel]?" Defense counsel agreed. The court then queried whether the jury should be instructed with CALJIC No. 3500 regarding unanimity. The prosecutor replied, "I don't believe so. It's one incident." Defense counsel stated, "I agree." The court then struck the unanimity instruction.

During closing argument, the prosecutor discussed the special allegation: "So when [Hernandez] entered that van on January 19th, 1999, with a firearm—which sounded a lot like the BB gun that was found on him in 2003 . . . then pulled out a knife, and then pulled out a stun gun—he displayed

4

all three of those things in a menacing manner with the intent to gain compliance from [M.H.] and Jane Doe.[¶] On top of all that, you also have [Hernandez] using various weapons, either [a] real [gun] or that BB gun . . . recover[ed] from his person, and knives in every single other rape that he accomplished. So that's how the allegation has been proven to you beyond a reasonable doubt."

*B.  Legal Standard*

We review claims of instructional error de novo. (*People v. Cole* (2004) 33 Cal.4th 1158, 1210.) "'Instructions should be interpreted, if possible, so as to support the judgment rather than defeat it if they are reasonably susceptible to such interpretation.'" (*People v. Martin* (2000) 78 Cal.App.4th 1107, 1112.) "'"[T]he correctness of jury instructions is to be determined from the entire charge of the court, not from a consideration of parts of an instruction or from a particular instruction."'" (*People v. Musselwhite* (1998) 17 Cal.4th 1216, 1248.) "'"The absence of an essential element in one instruction may be supplied by another or cured in light of the instructions as a whole."'" (*People v. Castillo* (1997) 16 Cal.4th 1009, 1016.)

Reversal is not required unless it is reasonably likely the jury misunderstood and misapplied the court's instructions to the defendant's detriment. (*People v. Smithey* (1999) 20 Cal.4th 936, 963–964.) A trial court's failure to instruct the jury on all elements of an offense is a constitutional error "subject to harmless error analysis under both the California and United States Constitutions." (*People v. Flood* (1998) 18 Cal.4th 470, 475.)

Because a criminal defendant has a constitutional right to a unanimous jury, *People v. Russo* (2001) 25 Cal.4th 1124, 1132 (*Russo*), a court has a sua sponte duty to provide such an instruction where the evidence warrants it. (*People v. Riel* (2000) 22 Cal.4th 1153, 1199.)

5

"'The [unanimity] instruction is designed in part to prevent the jury from amalgamating evidence of multiple offenses, no one of which has been proved beyond a reasonable doubt, in order to conclude beyond a reasonable doubt that a defendant must have done *something* sufficient to convict on one count.' [Citation.] [¶] On the other hand, where the evidence shows only a single discrete crime but leaves room for disagreement as to exactly how that crime was committed or what the defendant's precise role was, the jury need not unanimously agree on the basis or, as the cases often put it, the 'theory' whereby the defendant is guilty." (*Russo*, *supra*, 25 Cal.4th at p. 1132.)

Our Supreme Court has determined that a unanimity instruction is not required where multiple related acts "'form the basis of a guilty verdict on one discrete criminal event.'" (*Russo*, *supra*, 25 Cal.4th at p. 1135.) "In deciding whether to give [a unanimity] instruction, the trial court must ask whether (1) there is a risk the jury may divide on two discrete crimes and not agree on any particular crime, or (2) the evidence merely presents the possibility the jury may divide, or be uncertain, as to the exact way the defendant is guilty of a single discrete crime. In the first situation, but not the second, it should give the unanimity instruction." (*Ibid.*)

*C. Analysis*

Because the evidence here did not warrant a unanimity instruction, the trial court had no sua sponte duty to so instruct the jury. Hernandez was charged with a single rape of Jane Doe with an allegation of use of a dangerous or deadly weapon. Therefore, no unanimity instruction was necessary. (*Russo*, *supra*, 25 Cal.4th at p. 1135.)

Furthermore, no unanimity instruction was required simply because Hernandez used or displayed multiple weapons during a single rape.

(See, e.g., *People v. Garcia* (2022) 76 Cal.App.5th 887, 896–897 ["[T]he jurors were not required to unanimously agree that either was *the* deadly and dangerous weapon, so long as they did unanimously agree that *a* deadly and dangerous weapon was used in the assault"].) Even assuming arguendo there was disagreement among the jury regarding which of the three weapons Hernandez used during commission of the rape, this would simply amount to a dispute as to *how* he committed the single charged rape, not which of several discrete crimes he was guilty of committing. (*Russo*, *supra*, 25 Cal.4th at p. 1135; *Garcia*, *supra*, at p. 897.) Thus, there was no risk the jury would view the single rape as two or more discrete crimes simply because three weapons were used to facilitate the rape.

Furthermore, no unanimity instruction is required where the acts are "so closely connected in time and purpose that they clearly form[] part of a single, continuous transaction" and the defendant "offer[s] exactly the same defense" to each of the acts. (*People v. Dieguez* (2001) 89 Cal.App.4th 266, 275.) Here, the display of the three weapons occurred as part of a single continuous transaction for the purpose of facilitating the rape. The evidence established that Hernandez entered the van with the gun in hand, and then kept the gun pointed at M.H. while he was raping Jane Doe to gain her compliance. While holding the gun on M.H., Hernandez removed the knife and taser and placed them within easy reach.

Even if the trial court erred in failing to give a unanimity instruction, any alleged error was harmless. When a defendant offers the same defense to all criminal acts, and "the jury's verdict implies that it did not believe the only defense offered," failure to give a unanimity instruction is harmless error. (*People v. Diedrich* (1982) 31 Cal.3d 263, 283; *People v. Hernandez* (2013) 217 Cal.App.4th 559, 577 (*Hernandez*).) The error is also

harmless "'[w]here the record indicates the jury resolved the basic credibility dispute against the defendant and therefore would have convicted him of any of the various offenses shown by the evidence. . . .'" (*Hernandez*, at p. 577.)

Here, the failure to give a unanimity instruction was harmless error because Hernandez offered a single defense to the rape and gun enhancement, that is, he denied he raped Jane Doe. Hernandez did not raise any other defense at trial, such as that any individual weapon failed to meet the dangerous and deadly element. Accordingly, the jury's guilty verdict on the rape and true finding on the gun use enhancement implied the jury resolved the basic credibility dispute against Hernandez. (*Hernandez*, *supra*, 217 Cal.App.4th at p. 572 [unanimity instruction is unnecessary where jury's verdict implies it did not believe the only defense offered].) Therefore, the failure to give a unanimity instruction was not prejudicial.

## DISPOSITION

The judgment is affirmed.

SANCHEZ, ACTING P. J.

WE CONCUR:

GOODING, J.

SCOTT, J.

8